10-4215-cv
Goldberg v. Town of Glastonbury

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand eleven.

Present:    JON O. NEWMAN,
            RALPH K. WINTER,
            ROBERT A. KATZMANN,
                        *Circuit Judges*.

_____

JAMES F. GOLDBERG,

                    *Plaintiff-Appellant*,

                    - v -                            No. 10-4215-cv

TOWN OF GLASTONBURY, MICHAEL FURLONG,
Sgt. I/O, KENNETH LEE, Officer, I/O, and
SIMON BARRATT, Officer, I/O,

                    *Defendants-Appellees.*

_____

For Plaintiff-Appellant:        RACHEL M. BAIRD, Law Office of Rachel M. Baird, Torrington, Conn.

For Defendants-Appellees:       THOMAS R. GERARDE (Beatrice S. Jordan, *on the brief*), Howd & Ludorf, LLC, Hartford, Conn.

Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant James F. Goldberg appeals from a September 20, 2010 judgment of the United States District Court for the District of Connecticut (Underhill, *J.*) granting summary judgment to defendants on plaintiff's § 1983 claims, and in the alternative, concluding that defendants are entitled to qualified immunity. We assume the parties' familiarity with the facts and procedural history of the case.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). "Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

For the first time on appeal, plaintiff argues that his rights under the Second Amendment have been impermissibly infringed. "Although we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice," *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (per curiam), we conclude that the circumstances of this case do not warrant such an exercise of discretion. Plaintiff contends that this "did not become a Second Amendment case until the district court held tantamount to its decision the involvement of a firearm." Pl. Br. 20  Plaintiff, however,  had sufficient notice and ample opportunity to assert below the rights that he now claims are implicated, which he explicitly declined to do

2

when his counsel conceded at oral argument before the district court that a Second Amendment claim was not raised.

Turning next to the issue of whether there was reasonable suspicion supporting defendants' initial stop of plaintiff, *see Terry v. Ohio*, 392 U.S. 1 (1968), we conclude that there was. "In reviewing the reasonableness of a *Terry* stop, we ask whether there was a 'particularized and objective basis' for suspicion of legal wrongdoing under the 'totality of the circumstances.'" *United States v. Simmons*, 560 F.3d 98, 103 (2d Cir. 2009) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)). "*Terry* requires that a police officer have only reasonable suspicion that criminal activity may be afoot to justify an investigatory stop. Reasonable suspicion requires considerably less of a showing than probable cause." *United States v. McCargo*, 464 F.3d 192, 197 (2d Cir. 2006) (internal citations and quotation marks omitted). In the instant case, defendants were responding to a 911 call reporting that an individual had entered the Chili's waiting area with an exposed firearm, and the manager was sufficiently alarmed to clear the immediate area and contact the police. Upon entering the restaurant, defendants observed that plaintiff had a holstered handgun visible on his hip. Under these circumstances, sufficient reasonable suspicion justified defendants' investigative stop of plaintiff.

Finally, we assess defendants' arrest of plaintiff for breach of the peace in the second degree.[1] We need not decide whether there was probable cause to arrest plaintiff, because we

---

[1] Connecticut's breach of the peace statute in the second degree provides in relevant part that:

> A person is guilty of breach of the peace in the second degree when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person: (1) Engages in . . . threatening behavior in a public place . . . . For

3

conclude that defendants are entitled to qualified immunity on plaintiff's false arrest claim. "In determining whether an officer is entitled to qualified immunity for a false arrest claim in the absence of probable cause, we examine whether there was 'arguable probable cause.'" *Amore v. Novarro*, 624 F.3d 522, 536 (2d Cir. 2010) (quoting *Walczyk v. Rio*, 496 F.3d 139, 163 (2d Cir. 2007)). "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Id.* (quoting *Walczyk*, 496 F.3d at 163) (internal quotation marks omitted). "In deciding whether an officer's conduct was 'objectively reasonable' for purposes of qualified immunity, we look to the information possessed by the officer at the time of the arrest, but 'we do not consider the subjective intent, motives, or beliefs' of the officer." *Id.* (quoting *Connecticut ex rel. Blumenthal v. Crotty*, 346 F.3d 84, 106 (2d Cir. 2003)). Prior to his arrest, plaintiff had entered the Chili's restaurant wearing an exposed firearm, which the officers observed upon their arrival in response to the 911 call. Defendant Furlong observed that the manager, Laura Smith, appeared to be nervous, and she reported that she was alarmed over the handgun and had cleared the area as a result. On these facts, and given the lack of settled Connecticut law on the issue, we conclude that reasonable officers could, at minimum, disagree on whether there was probable cause to arrest plaintiff for breach of the peace in the second degree, and accordingly the district court's qualified immunity determination ought to be affirmed.

We have considered plaintiff's remaining arguments and find them to be without merit.

---

purposes of this section, "public place" means any area that is used or held out for use by the public whether owned or operated by public or private interests. Conn. Gen. Stat. § 53a-181(a).

4

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, CLERK